## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Michael L. Buracker, Plaintiff Below,**
**Petitioner**

**FILED**

September 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-1264** (Berkeley County 11-C-514)

**The Berkeley County Council, a political**
**corporation, Defendant Below, Respondent**

### MEMORANDUM DECISION

Petitioner Michael Buracker's appeal, by counsel Barry P. Beck, arises from the Circuit Court of Berkeley County's August 31, 2012 order granting respondent's motion to dismiss. Respondent Berkeley County Council ("Council"), by counsel Brian M. Peterson, filed a response. On appeal, petitioner alleges that the circuit court erred in granting respondent's motion to dismiss because he alleged sufficient facts to support a claim for a violation of his right to privacy.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner worked as a deputy for the Berkeley County Sheriff's Office when he was required to submit to a non-random drug screen on April 14, 2011. Sheriff Kenneth Lemaster ordered one of petitioner's superior officers to physically escort petitioner to the site where the drug screen was to be conducted. The results of the drug screen were negative. Petitioner asked Sheriff Lemaster why he had been required to submit to the drug screen, and, according to the complaint, Sheriff Lemaster stated that he heard a rumor that petitioner was using illegal drugs. In June of 2011, petitioner filed a complaint against Respondent Council alleging invasion of privacy. In October of 2011, respondent filed a motion to dismiss arguing that under *Twigg v. Hercules Corp.*, 185 W.Va. 155, 406 S.E.2d 52 (1990), the drug test did not violate petitioner's right to privacy because his job responsibility involves public safety and the safety of others. The circuit court granted the motion to dismiss in August of 2012, and it is from this order that petitioner appeals.

"'Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.' Syl. pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick*, 194 W.Va. 770, 461 S.E.2d 516 (1995)." Syl. Pt. 1, *Posey v. City of Buckhannon*, 228 W.Va. 612, 723 S.E.2d 842 (2012). Upon our review, the Court finds no error in the circuit court's order granting

respondent's motion to dismiss. In ruling on the motion to dismiss, the circuit court found that respondent's action could not be considered a violation of petitioner's right to privacy because "his job responsibility involved public safety and the safety of others." We have previously held that

> "[d]rug testing will not be found to be violative of public policy grounded in the potential intrusion of a person's right to privacy where it is conducted by an employer based upon reasonable good faith objective suspicion of an employee's drug usage or while an employee's job responsibility involves public safety or the safety of others." Syllabus Point 2, *Twigg v. Hercules Corp.*, 185 W.Va. 155, 406 S.E.2d 52 (1990).

Syl. Pt. 2, *Baughman v. Wal-Mart Stores, Inc.*, 215 W.Va. 45, 592 S.E.2d 824 (2003). On appeal, as in the circuit court, petitioner argues that his right to privacy was violated because the sheriff did not have a reasonable good faith objective suspicion of drug use, and he instead required petitioner to submit to the drug screen based on rumor. However, as the circuit court noted,

> [petitioner] is asking the [c]ourt to interpret Syl. Pt. 2 of *Twigg* . . . in such a way as to transform the word 'or' into the word 'and' as well as to add a limitation that such an exception only pertains to 'random' drug testing.

The Court agrees with the circuit court in rejecting petitioner's argument, and that Syllabus Point 2 of *Twigg* is dispositive of the issue. Syllabus Point 2 of *Twigg* states that requiring an employee to submit to a drug test is not a violation of the individual's right to privacy where it is conducted while the employee's job responsibility involves public safety or the safety of others. It is undisputed that a law enforcement officer's job responsibility involves public safety and welfare. *See Ullom v. Miller*, 227 W.Va. 1, 11, 705 S.E.2d 111, 121 (2010) (recognizing that law enforcement officers have community safety and welfare duties beyond their criminal investigatory duties). Further, it is clear that Syllabus Point 2 of *Twigg* does not additionally require a reasonable good faith objective suspicion of drug use or require that such testing be done at random. For these reasons, the circuit court did not err in granting respondent's motion to dismiss.

For the foregoing reasons, the circuit court's August 31, 2012 order granting respondent's motion to dismiss is hereby affirmed.

Affirmed.

**ISSUED**:  September 3, 2013

**CONCURRED IN BY**:
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II